**CALIBER HOME LOANS**
PO Box 24610
Oklahoma City, OK 73124-0610

7-759-59673-0000807-001-02-000-000-000-000

10/17/2014

PARKER TRENT
623 TILTON CT
RICHMOND VA 23224-1462

---

**Lower Your Monthly Payment by $109.94**

---

9800266588
1117 NORTH 31ST STREET
RICHMOND, VA 23223

Dear PARKER TRENT:

**GREAT NEWS** from Caliber Home Loans! Caliber has reviewed your account and determined that you qualify for a loan modification with a lower, more affordable monthly payment. If you decide to accept the enclosed loan modification offer, you can expect the following exciting changes to your loan:*

Current Monthly Mortgage Payment: $435.63
Proposed Monthly Payment: $325.69
**Monthly Payment Reduction: $109.94**

**You already qualify for this offer, so accepting is easy!** Carefully read and follow these two simple steps:

1. Review the enclosed Loan Modification Agreement and if you agree to the terms and conditions, then:
   a. Have all original borrowers sign and date the agreement in front of a witness.
   b. Have the witness also sign where noted (this is very important; we may delay the final processing of the modification if this is missing).
   c. Borrower(s) must be in the presence of a notary the same day the documents are signed and dated (if required).
2. Using the enclosed prepaid envelope, return to us:
   a. A good faith payment in the amount of $325.69 in the form of certified funds or money order which will be applied towards the total amount due on your loan once the modification is processed.
   b. Original signed Loan Modification Agreement (make a copy for your records).

Note that all proposed payments include taxes and insurance, regardless of your prior payment arrangement. In addition, **we will defer delinquent escrow balances due in the amount of $0.00 if you accept this offer.** This is a limited time offer, so you must return the signed Loan Modification Agreement to Caliber by no later than 11/30/2014.

Caliber remains committed to working with our borrowers, so please contact us with any questions or to discuss other potential alternatives. Our modification specialists are available to help you with any questions, Monday through Friday, 8:00 a.m. – 5:00 p.m., Central Time at 1-800-401-6589.

Loss Mitigation Department
Caliber Home Loans, Inc.

* Reduction in monthly payments will be accomplished through a deferral and/or forgiveness of outstanding balances as set forth in the Modification Agreement. Borrower(s) is informed that forgiveness of principal may have adverse credit and legal consequences and may result in taxable income to Borrower(s).

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. If your debt has been discharged in bankruptcy or you are subject to an automatic stay in a bankruptcy proceeding, Caliber Home Loans, Inc. acknowledges that you may not be liable for this debt, and this communication is being sent for informational purposes only.

MODIFICATION AGREEMENT - LIMITED TERM
Revised 11/2013

### MODIFICATION AGREEMENT – LIMITED TERM

**To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Modification Agreement (the "Agreement") is dated as of 11/30/2014 but effective as of the Modification Effective Date defined herein, by and between PARKER TRENT (the "Borrower") and Caliber Home Loans, Inc., for the benefit of the current Investor (the "Servicer").**

RECITALS:

A.   Borrower has a mortgage loan, account number 9800266588 (the "Loan"). This loan is secured by property commonly referred to as 1117 NORTH 31ST STREET, RICHMOND, VA 23223, (the "Property"). The legal description to the Property may be attached to this Agreement by the Servicer if required.

B.   Borrower signed the following documents in connection with the Loan:

- Note dated 05/16/2005 in the original amount of $72,250.00 (the "Note").

- Mortgage or Deed of Trust on the Property, recorded in real property records of RICHMOND CITY County, VA (the "Mortgage").

- The Note and the Mortgage, together with all documents signed at the same time as the Note and Mortgage are called the "Loan Documents".

C.   Borrower owes the following amounts which are now due or which would be due upon acceleration of the Note:

| | |
|---|---|
| Unpaid Principal | $55,918.34 |
| Unpaid Interest | $9,726.79 |
| Other Unpaid Amounts | $14,897.85 |
| Total: | $80,542.98 |

Included in the Other Unpaid Amounts is $1,174.97, the amount that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property. This is known as the "Ancillary Amount".

D.   Borrower is in default for failure to make payments or has demonstrated imminent default under the terms of the Note. Servicer either has accelerated or can accelerate the balance of the Note, which would require the Borrower to pay the Note and all Other Unpaid Amounts in full.

E.   Borrower has provided information to Servicer and Borrower and Servicer wants to modify the terms of the Note and Mortgage.

Borrower and Servicer (collectively, the "Parties"), agree as follows:

1. **Borrower's Representations.** Borrower certifies that each of these statements is true:

   A.  Borrower is experiencing a financial hardship and is either in default for failure to make payments on the Note or will shortly be in default. Borrower does not have sufficient income or access to sufficient liquid assets to make regular payments on the Note.

   B.  The Property has not been condemned or is not subject to condemnation proceedings.

   C.  There has been no change in the ownership of the Property since the time the Loan Documents were signed.

   D.  Borrower has given Servicer information, all of which is true and accurate, regarding Borrower's income and/or liquid assets (with the exception of any information regarding Alimony and Child Support payments, unless the Borrower wants the Servicer to consider that to be income).

   E.  All documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct.

   F.  Borrower will obtain credit counseling within 30 days of this agreement if the Servicer requires it. Borrower will provide proof of credit counseling if required by Servicer.

2. **Conditions to Effectiveness of Agreement.** This Agreement will only be effective after each of these events happen:

   a.  Borrower must sign and return a signed original of this Agreement to Servicer on or before 11/30/2014.

   b.  Servicer, when it receives this Agreement, will verify the accuracy of Borrower representations.

   c.  If the Servicer (in its sole discretion) determines that Borrower's representations are accurate, then Servicer will execute this Agreement and it will become effective on that date (the "Modification Effective Date"). If the Servicer determines that the Borrower's representations are not accurate, then the Servicer will notify the Borrower and this Agreement will not become effective.

3. **Modification of the Loan Documents.** If all the conditions outlined above are met, then your Loan is modified as follows:

   Summary of Modification: We will reduce the balance on which interest is accruing and we will lower the interest rate for a period of time called the Reduction Period. Your mortgage payment will decrease during that period. Certain amounts are deferred, meaning that you still owe them, but they will be collected by the Servicer at a later date. You will be required to make escrow payments and payments of Ancillary items during the Reduction Period. On the Reduction Period End Date, your Loan and interest rate will revert to the terms of your original Note and your payment may increase. Deferred Amounts will remain deferred.

   | | |
   |---|---|
   | New Principal Balance: | $55,918.34 |
   | Modification Interest Rate: | 1.875% |
   | Modification P&I Payment: | $268.61 |
   | Monthly Escrow Payment: | $57.08 |
   | Ancillary Monthly Payment: | $0.00 |
   | Total New Monthly Payment: | $325.69 |

| | |
|---|---|
| Reduction Period End Date: | 12/01/2019 |
| Deferred Amount: | $24,624.64 |
| | |
| New Maturity Date (if applicable): | 12/01/2035 |
| Modification Effective Date: | 12/01/2014 |
| First Modification Payment Date: | 01/01/2015 |

These Definitions apply to the categories above:

**New Principal Balance:** This is the principal balance Servicer has agreed to use for this modification and is used to calculate your payment. If you successfully complete this modification, this is the principal balance upon which interest will continue to accrue.

**Modification Interest Rate:** This is the interest rate that will be in effect under this Agreement. This rate is "fixed" and will not change until the Reduction Period End Date.

**Modification Effective Date:** This is the date that interest begins to accrue at the rate set forth in this Agreement.

**Modification P&I Payment:** This is the principal and interest payment for your Loan based upon the New Principal Balance, Modification Interest Rate, and the number of months to the New Maturity Date. Because the interest rate is "fixed" and will not change until the Reduction Period End Date, this amount will not change.

**Monthly Escrow Payment:** This is your monthly payment into an escrow account and this amount is calculated in accordance with the Loan Documents and State and Federal law. This amount may change from time to time if escrow items (primarily taxes and insurance) increase or decrease.

**Ancillary Monthly Payment:** This includes some or all amounts that Servicer has advanced for real property taxes, insurance, water liens, or other amounts that may have become due with respect to the Property. Servicer has spread the repayment of Ancillary Amounts over a period of 36 months.

**Total New Monthly Payment:** This is the sum of the Modification P&I Payment, Monthly Escrow Payment, and Ancillary Monthly Payment.

**Reduction Period End Date:** This is the date on which the Modification Interest Rate will revert to the interest rate provided for in the original Note.

**New Maturity Date:** This is the date on which the Note matures.

**First Modification Payment Date:** This is the date on which your first modified payment is due.

**PLEASE NOTE: On the Reduction Period End Date, this Agreement will terminate and the interest rate of your Loan will revert to those in your Loan Documents. This means that your payment may increase because it will be calculated using the interest rate provided for in the original Note.**

**Deferred Amount:** The Deferred Amount consists of amounts that are due under the terms of the Note and Loan Documents, but which Servicer has agreed to not collect until payment in full of the debt or the New Maturity Date, whichever happens first. Under the terms of this Agreement, the Deferred Amount may consist of some principal, and can consist of interest due but not paid, outstanding Servicer fees or charges, and advances made by the servicer. Deferred Amounts do not accrue interest.

**PLEASE NOTE: The Deferred Amounts will be collected by the Servicer at the earlier of payment in full of the Note or the New Maturity Date. If the Borrower sells the Property or refinances the Loan, the Borrower will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the New Maturity Date and are required to be paid at that time. This means that if the Borrower makes all the payments required by this Agreement the Deferred Amount will still be owed to Servicer.**

4. **Events of Default.** Borrower will be in default and Servicer may terminate this Agreement if:

   a. Borrower fails to make any payments required by this Agreement within 15 days of any due date for a payment, _or_

   b. Borrower fails to comply with any other terms or conditions created by this Agreement or the Loan Documents.

5. **Additional Agreements.** The Parties further agree to and acknowledge each of the following:

   A. All persons who signed the Loan Documents must sign this document in person or by an authorized representative (unless an original signor is deceased). Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

   B. This Agreement takes the place of any other agreement that Borrower may have or have had in the past with Servicer including any prior modification or forbearance agreements.

   C. This Agreement constitutes notice that any waiver by the Lender, Noteholder or Servicer as to payment of taxes, insurance and other escrow items has been revoked. Where allowed under the Loan Documents, this Agreement established an escrow account for the Loan and Borrower will make monthly payments to an escrow account established by Servicer. These payments will be calculated as required by the Loan Documents. Servicer will not pay Borrower interest on the escrow deposit unless required by State or Federal law.

   D. The Loan Documents are properly and duly executed by all parties who were required to execute them and are a valid, binding obligation of the parties to those documents, and each Loan Document is enforceable in accordance with its terms.

   E. Except as specifically modified by this Agreement, the terms of the Loan Documents are in full force and effect. This Agreement does not replace or release any of the Loan Documents, except as specifically modified by this Agreement.

   F. If the Property is sold, transferred or conveyed to any person or entity without the consent of the Servicer, then if allowed by State or Federal law, Servicer may terminate this Agreement, and require that the balance of the Note together with any fees and other unpaid amounts be repaid in full (meaning that Servicer can accelerate the Note.) In this event, Servicer will give you thirty (30) days notice of Acceleration and if the Note has not been paid in full after that time, Servicer may pursue the remedies in the Mortgage, including foreclosure.

   G. Borrower may not assign and no person other than the Borrower may assume Borrower's rights under this Agreement or the Loan Documents.

   H. The Servicer may choose to waive a default under this Agreement or the Loan Documents, but a waiver of any event of default will not be understood to waive similar defaults in the future or other defaults that may occur.

   I. Borrower hereby confirms that this Agreement represents the entire agreement between Borrower and Servicer with respect to the subject matter herein, and that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

7-768-89673-0000307-001-07-000-000-000-000

J. Any expenses incurred in connection with the servicing of the Loan, but not yet charged to the Loan account as of the date of this Agreement, may be charged to the Loan and secured by the Mortgage after the Modification Effective Date.

K. If Servicer makes advances for payment of taxes or insurance, accrues interest or posts late or other fees to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is fully executed, then Servicer may adjust the Monthly Escrow Payment, Ancillary Monthly Payment and Total Monthly Payment amounts above as necessary to account for repayment of these amounts. Servicer will send an appropriate written notice of adjustment to Borrower.

L. Borrower will execute such other documents or papers as may be reasonably necessary or required by Servicer to effectuate the terms and conditions of this Agreement.

M. Borrower is advised that forgiveness of debt (if applicable) may have adverse credit and legal consequences and may result in taxable income to Borrower. Borrower is advised to seek advice from an attorney, certified public accountant or other expert regarding potential consequences of any principal reduction. Borrower hereby acknowledges that Servicer is giving Borrower no such advice.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

In Witness Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates
indicated below.

Borrower: PARKER TRENT

Witness Signature

Date: //- /9 - 20/4

Account Number: 9800266588

Caliber Home Loans, Inc., on behalf of the current investor

By:

Modification Effective Date
(Determined by Servicer)